UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS AVALOS AVILA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | Case No. 1:26-cv-5139-TLN-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

On May 13, 2025, an immigration court ordered petitioner Jesus Avalos Avila removed from the United States. That order is now administratively final, and ICE is detaining petitioner pending removal. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates due process. For the following reasons, I recommend that the petition be denied without prejudice.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.

28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Background**

On May 13, 2025, the immigration court ordered petitioner removed. ECF No. 9-1 at 3. Petitioner appealed to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on October 10, 2025. ECF No. 9-2. Petitioner petitioned for review to the Court of Appeals, which granted a stay of removal on January 29, 2026. *See Avalos-Avila v. Bondi*, No. 25-6642 (9th Cir. Jan. 29, 2026). The Court of Appeals denied his petition for review on June 24, 2026. ECF No. 9-3. The Court of Appeals issued the formal mandate on October 14, 2026. ECF No. 9-4. Petitioner is in ICE custody while it works to effectuate his removal.

**Analysis**

Petitioner filed his petition for habeas corpus on July 6, 2026, claiming that his mandatory detention under 8 U.S.C. § 1226(c) violated due process.[1] ECF No. 1 at 17. Petitioner's removal order became administratively final upon the dismissal of his BIA appeal on October 10, 2025. *See* 8 C.F.R. § 1241.1(a). The Court of Appeals stayed the removal order from January 29, 2026, to October 14, 2026, when the mandate issued. *See Avalos-Avila v. Bondi*, No. 25-6642 (9th Cir. Jan. 29, 2026); *see also Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851 (9th Cir. 2004) (holding that stay of removal is not dissolved until issuance of mandate). The issuance of the mandate—the Court of Appeals' final order—began the 90-day removal period provided by 8 U.S.C. § 1231(a)(1)(A). *See id.* at subd. (a)(1)(B)(2). Accordingly, petitioner's mandatory detention during this period is authorized by section 1231(a)(2). As petitioner is lawfully detained for purposes of removal under that section, I recommend that the petition be denied without

---

[1] Petitioner filed a motion for appointment of counsel. ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

prejudice.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion for the appointment of counsel, ECF No. 3, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED without prejudice. It is the court's intention that petitioner be lawfully removed as soon as practicable. If petitioner is not removed within the 90-day statutory period provided by 8 U.S.C. § 1231(a)(1)(A), nothing in this order should be construed as prohibiting petitioner from filing a new petition challenging his detention and addressing whether removal is reasonably foreseeable.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 19, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE